[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] FINDINGS ON PETITION FOR TERMINATION OF PARENTAL RIGHTS AS TO RESPONDENT FATHER
This is a petition to terminate the parental rights of the respondent father based on abandonment and the absence of any parent-child relationship.
The following facts are found. On January 11, 1996, the child, Shawn B., was born, a product of a transitory relationship between his mother and the respondent, Harold G. The respondent promptly abandoned the mother and informed her that he wanted to have nothing to do with the child. He has seen the child only once. On August 2, 1996, the child was adjudicated uncared for. The respondent was provided with counsel but has never participated in these proceedings. Earlier in these proceedings, the court entered a default against him.
 Mandatory Findings
CT Page 12987 General Statutes § 17a-112 (d) provides: "Except in the case where termination is based on consent, in determining whether to terminate parental rights under this section, the court shall consider and shall make written findings regarding: (1) The timeliness, nature and extent of services offered, provided and made available to the parent and the child by an agency to facilitate the reunion of the child with the parent; (2) whether the Department of Children and Families has made reasonable efforts to reunite the family pursuant to the federal Adoption Assistance and Child Welfare Act of 1980, as amended; (3) the terms of any applicable court order entered into and agreed upon by any individual or agency and the parent, and the extent to which all parties have fulfilled their obligations under such order; (4) the feelings and emotional ties of the child with respect to his parents, any guardian of his person and any person who has exercised physical care, custody or control of the child for at least one year and with whom the child has developed significant emotional ties; (5) the age of the child; (6) the efforts the parent has made to adjust his circumstances, conduct, or conditions to make it in the best interest of the child to return him to his home in the foreseeable future, including, but not limited to, (A) the extent to which the parent has maintained contact with the child as part of an effort to reunite the child with the parent, provided the court may give weight to incidental visitations, communications or contributions and (B) the maintenance of regular contact or communication with the guardian or other custodian of the child; and (7) the extent to which a parent has been prevented from maintaining a meaningful relationship with the child by the unreasonable act or conduct of the other parent of the child, or the unreasonable act of any other person or by the economic circumstances of the parent."
Having considered these matters, the court finds, based on clear and convincing evidence, that. . . . . . . . . . .
The court further finds that it is in the best interests of [child] that the respondent's parental rights be and they are hereby terminated.
The court hereby finds the following in the above matter by clear and convincing evidence:
1. (Finding regarding the timeliness, nature and extent of servicesoffered, provided, and made available to the parent and the child by achild-placing agency to facilitate the reunion of the child with theparent.)
The respondent failed to make himself available to DCF for the purpose of availing himself of services.
CT Page 12988 2. (Finding regarding whether DCF has made reasonable efforts toreunite the family pursuant to the Federal Child Welfare Act of 1980, asamended.)
As the court has found in an earlier proceeding, it was not possible to make reasonable efforts to reunite the respondent and the child.
3. (Finding regarding the terms of any applicable court order enteredinto and agreed upon by any individual or child-placing agency and theparent, and the extent to which all parties have fulfilled theirobligations under such order.)
On November 3, 19996, the court ordered that the respondent keep his whereabouts known to DCF, visit the child as often as DCF permitted, participate in parenting classes, and sign releases as requested. The respondent fulfilled none of these conditions.
4. (Finding regarding the feelings and emotional ties of the child withrespect to the child's parents, any guardian of the child's person andany person who has exercised physical care, custody or control of thechild for at least one year and with whom the child has developedsignificant emotional ties.)
The child has no feelings or emotional ties with respect to the respondent; he does not know the respondent. The child has strong feelings and emotional ties to his mother and his foster parents.
5. (Finding regarding the age of the child.)
The child is four years of age and will be five in January, 2001.
6. (Finding regarding the efforts the parent has made to adjust suchparent's circumstances, conduct or conditions to make it in the bestinterest of the child to return the child to the parent's home in theforeseeable future, including, but not limited to: (A) the extent towhich the parent has maintained contact with the child as part of aneffort to reunite the child with the parent; provided the court may giveweight to incidental visitations, communications or contributions, and(B) the maintenance of regular contact or communication with the guardianor other custodian of he child.)
The respondent has made no efforts to adjust his circumstances, conduct or conditions to make it in the best interest of Shawn to live or even visit with him in the foreseeable future: He saw the child shortly after birth and has had no contact with him since. He has expressed a desire to have nothing to do with him. CT Page 12989
7. (Finding regarding the extent to which a parent has been preventedfrom maintaining a meaningful relationship with the child by theunreasonable act or conduct of the other parent of the child, or theunreasonable act of any other person or by the economic circumstances ofthe parent.)
The respondent has not been prevented by anyone from having a meaningful relationship with his son.
Based on clear and convincing evidence, the court finds that the respondent has abandoned his son, Shawn B., "in the sense that the parent has failed to maintain a reasonable degree of interest, concern or responsibility as to the welfare of the child" and "there is no ongoing parent-child relationship, which means the relationship that ordinarily develops as a result of a parent having met on a day to day basis the physical, emotional, moral and educational needs of the child and to allow further time for the establishment or reestablishment of such parent-child relationship would be detrimental to the best interest of the child . . ." General Statutes (Rev. 1997) § 17a-112 (c), as amended by Public Act No. 98-241 § 8.
Based on clear and convincing evidence, the court further finds that it is Shawn's best interests that. the respondent's parental rights be terminated.
The petition to terminate the respondent father's parental rights is granted.
Dated at Middletown this 27th day of October, 2000.
BY THE COURT
Bruce L. Levin Judge of the Superior Court